# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| GERMAINE SMART, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:20-cv-00108-LSC-JHE |
| MITCHELL MCCALLISTER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on July 7, 2021, recommending the defendants' special report be treated as a motion for summary judgment and further recommending that the motion be granted. (Doc. 30). The plaintiff, Germaine Smart, was allowed 14 days to file objections. (*Id.* at 16–17). On August 2, 2021, the Clerk docketed Smart's objections to the magistrate judge's report and recommendation. (Doc. 31). Smart, who is currently incarcerated in an Alabama state prison, dated and signed his objections on July 21, 2021, the day the objections were due to be filed. (*Id.* at 9). Accordingly, the court deemed Smart's objections to have been timely filed on July 21, 2021, which are addressed below. (Doc. 34 at 1–2).

Smart objects to the following findings by the magistrate judge in the report and recommendation:

(1) "Smart does not dispute commenting, 'that is a nice backside,' as Nurse Butler and Officer McCallister turned to the next cell." (Doc. 30 at 3–4); and

(2) "Smart does not dispute that McCallister told him to move away from his tray door, or that he did not obey this order." (*Id.* at 4).

As to the first objection, Smart asserts he "only said to Nurse Butler, 'I see you shape like a Alabama Football cheerleader. Do you exercise or is that just all natural?'" (Doc. 31 at 1–2). In his second objection, Smart argues he disputed Officer McCallister's statements by pleading not guilty in his disciplinary reports and that he has supported his version of the facts through both his and inmate Courtney Smith's sworn declarations. (*Id.* at 2).

The court notes Smart's objections relate to assertions made by Officer McCallister in his affidavit, which was attached to the special report. (Doc. 18-4 at 1). Smart had the opportunity to specifically dispute the statements contained in Officer McCallister's affidavit when he responded to the special report, but he did not do so. (*See* doc. 25). However, even accepting Smart's version of the facts, i.e., he did not make a statement about Nurse Butler's backside, the court finds that it is immaterial and would not change the decision that summary judgment is appropriate. Likewise, even if Officer McCallister did not tell Smart to move away from his tray door, Smart admitted he "didn't hear [McCallister] lock the tray flap so [he] push[ed] it back open" and was looking out when Officer McCallister used

2

the mace. (Doc. 18-3 at 4). It is undisputed Smart disobeyed Officer McCallister's attempt to close Smart's tray door.

Smart also "objects to the Magistrate findings that Plaintiff did not dispute that a liquid substance got on Officer McCallister pants." (Doc. 31 at 3). In his response, Smart states: "Plaintiff maintains that the 'water' that Plaintiff dashed on his own face cause he couldn't see from being blinded with pain from, 'Sabre Red Chemicals' 'Gas' spray, **may have gotten on the officer pants**." (Doc. 25 at 7) (emphasis added). Smart's objection on these grounds is **OVERRULED**.

Smart objects to the magistrate judge's finding that Nurse Hayes completed a body chart showing that Smart had no injuries. (Doc. 31 at 3). The medical record, specifically the body chart, speaks for itself. (*See* doc. 18-1 at 4). Smart argues that he submitted several medical grievances for ongoing eye problems and is being seen by Dr. Paulk at UAB Callahan Eye Clinic. (Doc. 31 at 3). The grievances attached to Smart's response are dated from June 2020 to August 2020, almost a year after the incident at issue on September 26, 2019. (Doc. 31 at 51–54). The court is also cognizant of the fact that these grievances are dated *after* the court ordered the defendants to file a special report on May 14, 2020. (*See* Doc. 7). Moreover, Smart has not included in his response or objections any records for outside treatment, from UAB or elsewhere, related to his eye and Smart does not state what is contained in

those records.  (Doc. 25 at 10; doc. 31 at 3).  Smart's objection on this basis is **OVERRULED**.

Smart's next objection regarding the contents of his dry cell misunderstands the magistrate judge's findings.  The magistrate judge acknowledged Smart was not allowed clothing, toothpaste, toothbrush, deodorant, socks, underwear, or a pencil and a paper in his dry cell and that he was only given a peanut butter sandwich to eat for six days while in his cell.  (Doc. 30 at 13).  Although the magistrate judge noted Smart does not specifically state that he did not have a mattress, running water, and no access to flush the toilet, the magistrate judge went on to state that "even if Smart's cell had no running water or access to flush the toilet and even if he only received a peanut butter sandwich to eat for six days, these conditions do not state a constitutional violation."  (*Id.*).  The magistrate judge emphasized that "Smart does not allege that he was denied water, any meals, or a portable toilet when requested." (*Id.*).  Smart's argument in his objections that, after the first day in the dry cell, he was "denied food and water" is rejected.  In Smart's declaration attached to his response to the special report, Smart stated "[t]he water in the sink did not work" and "the only thing I was given to eat was one (1) peanut butter sandwich to survive on for six (6) days."  (Doc. 25 at 34).  Smart makes no mention of requesting and being denied drinking water.  This objection is **OVERRULED**.

Smart also objects to the magistrate judge's acknowledgment that Smith stated in his affidavit he "turned in" Smart's questions "with the disciplinary worksheet." (Doc. 30 at 14–15; doc. 31 at 4–5). The court finds no merit with respect to this objection, and it is **OVERRULED**.

Likewise, Smart's other objections related to inmate Courtney Smith's testimony and Officer Smith's finding of Smart's guilt are unsupported and do not adequately address the magistrate judge's conclusions. (Doc. 31 at 5). With respect to Officer Smith's findings of Smart's guilt, the magistrate judge noted the following:

> Officer Smith stated that he found Smart guilty of the first violation "because of inmate Smart's written testimony" that he opened the cell door tray flap after he noticed that McCallister did not lock the tray flap closed. Likewise, Officer Smith found Smart guilty of the second violation based on Smart's written testimony that there was a "possibility that during the time of me dashing water on myself that the water did splash on Officer McCallister's pants."

(Doc. 30 at 15) (internal citations omitted). The court finds no error in the magistrate judge's finding on this issue; thus, Smart's objection is **OVERRULED**.

Finally, Smart merely cites to legal authorities and rehashes facts related to his claims on pages 5 through 8 of his objections. (Doc. 31 at 5–8). Smart does not adequately address the conclusions of the magistrate judge or raise any evidence contradicting the findings in the report and recommendation. Accordingly, these objections are **OVERRULED**.

Having considered the entire file in this action, along with the report and recommendation, the court independently concludes that that the report is due to be adopted and the recommendation is due to be approved.

Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The defendants' motion for summary judgment is **GRANTED**, and this case is due to be dismissed with prejudice. A separate order with be entered.

**DONE** and **ORDERED** on September 29, 2021.

_____
L. Scott Coogler
United States District Judge

160704